STEVEN W. MYHRE
Acting United States Attorney
District of Nevada

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: *troy.flake@usdoj.gov*

*Attorneys for the United States.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES *ex rel.* ERIC MESI<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.<br><br>Defendants. | Case No. 3:15-cv-000508<br><br>**MOTION TO DISMISS** |

The United States of America moves to dismiss this *qui tam* action brought under the False Claims Act. Plaintiff, who appears *pro se* and purports to bring this action under the False Claims Act has failed to take action to prosecute this matter. Accordingly, the Court should dismiss this case. This Motion is based on the following Memorandum of Points and Authorities.

Respectfully submitted this 14th day of July 2017.

STEVEN W. MYHRE
Acting United States Attorney

 */s/Troy K. Flake*
TROY K. FLAKE
Assistant United States Attorney

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

On March 14, 2016, Eric Mesi filed a document entitled "Qui Tam Whistleblower Complaint Additional Discovery." Mr. Mesi later served this document on the United States. The complaint names as defendants several mortgage servicers and law firms. The plaintiffs are Mr. Mesi, the United States of America, "Nevada State, Fannie Mae and Freddie Mac GSE's of the Federal Government."

This two-page document appears to question the validity of the foreclosure of a piece of property. The document also indicates that Judge Robert C. Jones and Magistrate Judge William G. Cobb erred in resolving a district court case and asks that "the Department of Justice to take control and investigate this fraud." Following this document are approximately 100 pages of documents that appear to relate to the real estate transaction.

On September 6, 2016, the United States filed a notice (ECF #9) declining intervention in this matter. The United States also filed a Motion to Dismiss arguing that the complaint should be dismissed because a *pro se* party cannot bring a *qui tam* complaint under the False Claims Act.[1] The Court entered an order (ECF #10) directing Plaintiff to serve the Complaint on Defendants and take other actions. Plaintiff has taken no further steps to prosecute this action.

## II. ARGUMENT

The False Claims Act ("FCA") is a federal law that imposes civil liability on individuals who knowingly present or conspire to present a fraudulent claim for payment to an officer, employee, or agent of the United States. 31 U.S.C. § 3729. The FCA includes a qui tam provision, which authorizes private citizen whistleblowers to file civil actions for FCA violations on behalf of the Government. 31 U.S.C. § 3730(b)(1). The FCA expressly authorizes the Government to "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." *Id*. at §

---

[1] The Motion to Dismiss was filed under seal and so its ECF number is not shown on the public docket.

2

3730(c)(2)(A).

The Ninth Circuit applies a two-part standard for a motion to dismiss an FCA action under Section 3730(c)(2)(A). The Government must (1) identify a valid government purpose in moving for dismissal and (2) show a rational relation between dismissal and accomplishment of the governmental purpose. *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998). Good cause for dismissal depends on the particular circumstances of each case, and relevant matters may include the relative merits of the action, the interest of the qui tam plaintiff, the purposes underlying the FCA, and the potential waste of government resources. *United States ex rel. Stierli v. Shasta Services, Inc.*, 440 F. Supp. 2d 1108, 1111 (E.D. Cal. 2006). If the Government makes a showing that dismissal is warranted, the burden shifts to the relator to demonstrate that dismissal is in fact fraudulent, arbitrary and capricious, or illegal. *Id*.

The Ninth Circuit has held that since the government is the real party in interest in a *qui tam* lawsuit, the decision whether to dismiss such a suit is analogous to the exercise of prosecutorial discretion. *Sequoia Orange*, 151 F.3d at 1143 ("[T]he decision to dismiss [a qui tam action] has been likened to a matter within the government's prosecutorial discretion in enforcing federal laws.").

Good cause exists to dismiss this case because (1) the *pro se* plaintiff may not properly pursue a FCA action on behalf of the United States and; (2) monitoring the progress of the case would create a waste of governmental resources.

**A.  *Pro Se* Plaintiffs May Not Pursue FCA Actions on Behalf of the United States**

As set forth in the United States' Motion to Dismiss, Individuals appearing *pro se* cannot represent the United States in FCA actions. See *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *C.E. Pope Equity Trust v. United States of America*, 818 F.2d 696, 697 (9th Cir.1987) (holding that "[a]lthough a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him").

In *United States ex rel. Stoner v. Santa Clara Cnty. Office of Educ.*, the plaintiff filed a complaint *pro se* under the FCA as a *qui tam* relator. After the United States declined

intervention, the district court ruled, sua sponte, that the relator could not proceed pro se on the FCA claims. 502 F.3d 1116, 1120 (9th Cir. 2007). The Ninth Circuit upheld the dismissal "[b]ecause *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret [28 U.S.C.] § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions." *Id*. at 1126-27.

The caption of Mr. Mesi's complaint, his service upon the United States, and his demand that the "Department of Justice take control and investigate this fraud" indicates that he intends to bring this action under the FCA. This is an improper use of the FCA and violates the prosecutorial discretion provided by the statute. Dismissal will accomplish the governmental purpose of ensuring only proper parties pursue FCA actions on behalf of the United States. Accordingly, good cause exists to dismiss this action.

### B.  Monitoring the Case Would Be a Waste of Resources

Courts also find good cause for dismissal of a declined *qui tam* case where the Government would be burdened by fulfilling its obligation to continue monitoring the progress of the suit. In *Sequoia Orange,* the Ninth Circuit held: "the government can legitimately consider the burden imposed on taxpayers by its litigation, and that, even if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs." 151 F.3d at 1146.

Plaintiff appears to have no interest in pursuing this matter. He has not complied with the Court's order to serve the defendants or taken any other action. However, because this case has not yet been dismissed, the Government is required to keep a file open, assign an attorney to monitor the action, and otherwise allocate resources to protect its interests. Given the procedural impropriety, lack of prosecution, and dubious merits of this case, monitoring this matter is a waste of governmental resources. Accordingly, additional good cause exists to dismiss this action.

### III.  CONCLUSION

For the foregoing reasons, and having shown that good cause exists, the Government

request that the Court dismiss this action, without prejudice to the Government but with prejudice as to the Plaintiff.

STEVEN W. MYHRE<br>
Acting United States Attorney<br>
<br>
<i>/s/Troy K. Flake</i><br>
TROY K. FLAKE<br>
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I, Troy K. Flake, certify that the following individual was served with a copy of the **MOTION TO DISMISS FILED EX PARTE AND UNDER SEAL** on the date and via the method of service identified below:

**Certified US Mail:**

Eric Mesi
6865 Quantum Court
Sparks, NV 89436

Dated this 14th day of July 2017.

<i>/s/ Troy K. Flake</i><br>
TROY K. FLAKE<br>
Assistant United States Attorney