

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ERIC MESI,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL DEFAULT SERVICING CORPORATION et al.,<br><br>Defendants. | | 3:15-cv-00508-RCJ-VPC<br><br>ORDER |

This is a *qui tam* action brought under the False Claims Act ("FCA"). Now pending before the Court is a Motion to Dismiss filed by the United States. (ECF Nos. 8, 11.) For the reasons given herein, the Court grants the motion.

I. **FACTS AND PROCEDURAL BACKGROUND**

Relator Eric Mesi brought this action under the FCA's whistleblower provisions. On September 6, 2016, the United States filed a notice declining intervention in this matter. (Notice, ECF No. 9.) The United States also filed a Motion to Dismiss arguing that the complaint should be dismissed because a *pro se* party cannot bring a *qui tam* complaint under the FCA. (Mot. Dismiss, ECF No. 8.) On September 16, 2016, as a result of the United States' decision not to intervene, the Court entered an order directing Plaintiff to serve the complaint, the Court's order, and the United States' notice on Defendants. (Order, ECF No. 10.) To date, Plaintiff has not filed

any proofs of service with the Court as required by Federal Rule of Civil Procedure 4(l) and District of Nevada Local Rule 5-1.

The United States now moves to dismiss the case.

## II. ANALYSIS

First, the United States asserts its right, as the real party in interest in this *qui tam* action, to "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). The Government enjoys this right regardless of whether or not it has elected to intervene. *See Swift v. United States*, 318 F.3d 250, 251–52 (D.C. Cir. 2003); *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 934–35 (10th Cir. 2005).

Under Ninth Circuit case law, to obtain dismissal under 31 U.S.C. § 3730(c)(2)(A), the Government must identify a valid governmental purpose and demonstrate a rational relationship between dismissal and accomplishment of the purpose. *U.S. ex rel., Sequoia Orange Co. v. Baird–Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998). The Government has accomplished both here, having asserted that: "Given the procedural impropriety, lack of prosecution, and dubious merits of this case, monitoring this matter is a waste of governmental resources." (Mot. Dismiss 4, ECF No. 11.) The Ninth Circuit has held that "the government can legitimately consider the burden imposed on taxpayers by its litigation, and that, even if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs." *Sequoia Orange*, 151 F.3d at 1146. Furthermore, while the FCA provides that the United States may only dismiss after the relator has been notified and been given the opportunity for a hearing, a relator is only entitled to a hearing if he "presents a colorable claim that the settlement or dismissal is unreasonable in light of existing evidence, that the Government

has not fully investigated the allegations, or that the Government's decision was based on arbitrary or improper considerations." *Id.* at 1145. Mr. Mesi has made no such claim, and has failed even to respond to the Government's motion.[1]

The United States also correctly argues that a *pro se* litigant may not pursue FCA actions on behalf of the Government.

> [W]here the government chooses not to intervene, a relator bringing a *qui tam* action for a violation of § 3729 is representing the interests of the government and prosecuting the action on its behalf. *See* 31 U.S.C. § 3730(b)(1); *see also United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 882 (9th Cir.1997) ("[T]he 'United States is the real party in interest in any False Claims Act suit, even when it permits a *qui tam* relator to pursue the action on its behalf.'"). Nor does the FCA "support a finding that the government and the relators can pursue their interests . . . separately," *Schimmels*, 127 F.3d at 884, such that relators could bring their "own case" without binding the government. Rather, the United States "is bound by the relator's actions" for purposes of res judicata and collateral estoppel. *Id.*; *see also United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F.Supp.2d 10, 16 (D.D.C. 2003); *United States ex rel. Schwartz v. TRW Inc.*, 118 F.Supp.2d 991, 996 (C.D. Cal. 2000). Because *qui tam* relators are not prosecuting only their "own case" but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions.

*Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007) (citations omitted). Because Mr. Mesi is *pro se*, therefore, and the United States has elected not to intervene, this FCA action must be dismissed. *See also U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 129 S. Ct. 2230, 173 L. Ed. 2d 1255 (2009); *U.S. ex rel. Mergent Servs. v.*

---

[1] The United States attempted to serve its Motion to Dismiss on Mr. Mesi via certified mail at the address listed on the Court's docket, but the mail was returned as undeliverable. Under Local Rule IA 3-1, a pro se party "must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

*Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[I]n order to proceed pro se, a person must be litigating an interest personal to him."); *Tyson v. Wells Fargo Bank & Co.*, 78 F. Supp. 3d 360, 363 (D.D.C. 2015) ("[I]t is well established that a relator in a FCA case cannot proceed *pro se*.").

Lastly, the Court takes up the issue of the additional claims in Mr. Mesi's complaint. This action was expressly filed as a whistleblower complaint under the FCA. However, Mr. Mesi has also included allegations arising under other federal and state statutes, e.g., the Consumer Credit Protection Act, Fair Debt Collection Practices Act, and Racketeer Influenced and Corrupt Organizations Act. These claims are subject to dismissal without prejudice for failure to prosecute, based on Mr. Mesi's nearly year-long failure to comply with the Court's order of September 16, 2016, as well as his failure to maintain an up-to-date mailing address on the Court's docket.

Dismissal is further appropriate because a relator's role in an FCA case puts him at odds with the role of a normal plaintiff representing his own interests. In a *qui tam* action under the FCA, a private person, called a "relator," brings a claim against a defendant on behalf of the government. "While relators indisputably have a stake in the outcome of False Claims Act *qui tam* cases that they initiate, the Government remains the real party in interest in any such action." *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008).

The relator is not a plaintiff, and as the Ninth Circuit has noted, the FCA does not support "a finding that the government and the relators can pursue their interests . . . separately." *Schimmels*, 127 F.3d at 884. "[A]s the United States remains the real party in interest in *qui tam* actions, the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654, *nor one in which he has an interest personal to him.*" *Flaherty*, 540 F.3d at 93 (emphasis added). The Seventh Circuit has also opined that the nature of *qui tam* litigation can make the joinder of non-FCA claims "awkward." *U.S. ex rel. Lusby v. Rolls-Royce*

*Corp.*, 570 F.3d 849, 852 (7th Cir. 2009). "The procedural differences between personal and *qui tam* litigation are so great that it is often impractical to pursue both claims in one suit . . . . As the Fifth Circuit put it in [*United States ex rel. Laird v. Lockheed Martin Engineering & Science Services Co.*, 336 F.3d 346, 360 (5th Cir. 2003)], 'we do not see convenience in trying the two [claims] together.' If joined in a single complaint, they often should be severed under Fed. R. Civ. P. 20(b)." *Id.* at 852–53. Accordingly, it is very rarely appropriate for a relator in a *qui tam* action to join other claims that are personal to him, as Mr. Mesi has done here.

In light of all the foregoing considerations, therefore, the Court finds the best course of action is to dismiss Mr. Mesi's non-FCA claims without prejudice, to allow him the opportunity to file those claims, on his own behalf, as plaintiff in a separate case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF Nos. 8, 11) is GRANTED. This action is dismissed in its entirety without prejudice.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

August 30, 2017